J-S38006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEITH ALEXANDER | : | |
| | : | |
| Appellant | : | No. 2216 EDA 2016 |

Appeal from the PCRA Order June 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0702301-2002

BEFORE:   GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED JULY 25, 2017**

Appellant, Keith Alexander, appeals *pro se* from the order of the Philadelphia County Court of Common Pleas, which dismissed as untimely his third petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  Appellant's first jury trial ended in a mistrial on June 11, 2004.  On April 1, 2005, after his second trial, a jury convicted Appellant of attempted murder, aggravated assault, conspiracy, and firearms not to be carried without a license.  The court sentenced Appellant on May 20, 2005, to an aggregate term of 26½ to 56 years' imprisonment. This Court affirmed the judgment of sentence on March 20, 2007, and our Supreme Court denied allowance of appeal on October 24, 2007.  ***See Commonwealth v. Alexander***, 928 A.2d 1117 (Pa.Super. 2007), *appeal denied*, 594 Pa. 693, 934 A.2d 1275 (2007).  Appellant sought no further

_____

*Former Justice specially assigned to the Superior Court.

direct review.  Between 2007 and 2013, Appellant unsuccessfully litigated two PCRA petitions.

Appellant filed the current *pro se* PCRA petition on October 22, 2015, and an amended *pro se* petition on November 2, 2015, seeking relief under ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The PCRA court issued Pa.R.Crim.P. 907 notice on April 19, 2016.  Appellant responded *pro se* on May 5, 2016, and the PCRA court denied relief on June 21, 2016.  Appellant timely filed a *pro se* notice of appeal on June 29, 2016. No Pa.R.A.P. 1925(b) statement was ordered or filed.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016).  A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(1-2).

To invoke the "governmental interference" statutory exception at

Section 9545(b)(1)(i), the petitioner must plead and prove "the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." **Commonwealth v. Abu-Jamal**, 596 Pa. 219, 227, 941 A.2d 1263, 1268 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008). To invoke the "new facts" statutory exception, the petitioner must plead and prove: "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

Instantly, Appellant's judgment of sentence became final on or about January 22, 2008, following expiration of the 90-days for filing a petition for *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct. Rule 13. Appellant filed the current *pro se* PCRA petition on October 22, 2015, more than seven years after his judgment of sentence became final, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "governmental interference" exception to the statutory time-bar per Section 9545(b)(1)(i), claiming the prosecution withheld exculpatory evidence from Appellant at his second trial in violation of **Brady**. Specifically, Appellant avers the prosecution withheld a police officer memorandum, investigative report, and two eyewitness statements, one of which exonerates Appellant. The record belies Appellant's contentions. Appellant's trial counsel received

the evidence at issue prior to Appellant's second trial, specifically referenced the "withheld" evidence at trial, and discussed the eyewitness statement at length. (**See** N.T. Trial, 3/31/05, at 145-54.)[1] To the extent Appellant attempts to invoke the "new facts" exception, this claim also fails because the "withheld" evidence was known to Appellant at the time of trial. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii).[2] Therefore, Appellant's third PCRA petition remains time-barred, and the PCRA court lacked jurisdiction to review it. Accordingly, we affirm.

Ordered affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2017

_____

[1] Detective Puente was the assigned detective of this case. Prior to Appellant's first trial, detective Puente misplaced his case file, which he thought had been destroyed. After Appellant's mistrial, but before his second trial, detective Puente located the case file, which contained the evidence at issue, and provided it to trial counsel.

[2] For this reason, Appellant also failed to satisfy the 60-day rule. **See** 42 Pa.C.S.A. § 9545(b)(2). Further, Appellant's ineffective assistance of trial counsel claim does not qualify as an exception to the statutory timeliness requirement. **See Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 753 A.2d 780 (2000) (holding that ineffectiveness of counsel claims generally do not constitute exceptions to PCRA time requirements).